IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

        Plaintiff,                    No. 2:13-cv-0906 TLN CKD P

    vs.

C. M. GREEN,

        Defendant.              ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 along with an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). Court records indicate that plaintiff is a "three strikes" litigant pursuant to 28 U.S.C. § 1915(g). Morris v. Jennings, No. 2:12-cv-2240 GEB CKD P, Dkt. No. 11.[1] Plaintiff alleges that prison staff retaliated against him for filing grievances by, e.g., failing to send out his legal mail. His allegations do not suggest that he is in imminent danger of serious physical harm. Accordingly plaintiff will be granted thirty days to submit the $350 filing fee for this action. Plaintiff's failure to pay the filing fee will result in a recommendation that this action be

---

[1] On June 18, 2013, plaintiff's action in Morris v. Green, No. 2:13-cv-0589 JAM CKD P (E.D. Cal.) was dismissed without prejudice due to plaintiff's failure to pay the filing fee as ordered. In that case, plaintiff filed two motions for the undersigned to recuse herself, which were denied. (Id., ECF Nos. 6, 11.)

1

1  dismissed.

2        Plaintiff has also filed a motion requesting that the undersigned recuse herself from this
3  action. (ECF No. 7.) Motions for disqualification are governed by 28 U.S.C. § 144 and 28
4  U.S.C. § 455. See Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). Under 28 U.S.C.
5  § 144, if a party demonstrates that "the judge before whom the matter is pending has a personal
6  bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no
7  further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.
8  Similarly, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in
9  which his impartiality might reasonably be questioned" and in proceedings in which "he has a
10 personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary
11 facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

12       The substantive standard under these statutes "is whether a reasonable person with
13 knowledge of all the facts would conclude that the judge's impartiality might reasonably be
14 questioned." Pesnell, 543 F.3d at 1043. Generally, "a judge's partiality must be shown to be
15 based on information from extrajudicial sources, although sometimes, albeit rarely,
16 predispositions developed during the course of a trial will suffice." F.J. Hanshaw Enters., Inc. v.
17 Emerald River Dev., Inc., 244 F.3d 1128, 1144–45 (9th Cir. 2001) (internal quotations and
18 citations omitted); Pesnell, 543 F.3d at 1043. Thus, judicial rulings alone – apart from
19 surrounding comments or accompanying opinions – almost never constitute valid grounds for
20 disqualification. See Liteky v. United States, 510 U.S. 540, 556 (1994).

21       Here, as in plaintiff's similar motions in Morris v. Green, No. 2:13-cv-0589 JAM CKD P
22 (E.D. Cal.), plaintiff's claims rest on the fact that the undersigned has found plaintiff to be a
23 "three strikes" litigant under 28 U.S.C. § 1915(g). As this is not a valid ground for
24 disqualification, plaintiff's motion will be denied.

25 /////

26 /////

1        In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff shall submit, within thirty days from the date of this order, the $350

3 filing fee for this action.  Plaintiff's failure to comply with this order will result in a

4 recommendation that this action be dismissed; and

5        2.  Plaintiff's motion for recusal (ECF No. 7) is denied.

6 Dated: July 1, 2013

7

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
morr0589.3strik

3